W. Scott Quinlan, #101269
Attorney at Law
2333 Merced Street
Fresno, Ca 93721
(559) 442-0634
(559) 233-6947

Attorney for Defendant MICHAEL MANFREDI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiffs,<br><br>vs.<br><br>MICHAEL MANFREDI et al.,<br><br>   Defendant. | Case No CRF-10-0417 AWI<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS INDICTMENT AND TO SUPPRESS EVIDENCE FOR IMMUNITY VIOLATIONS**<br><br>DATE:  March 19, 2012<br>TIME:  1:30 p.m.<br>COURT: Honorable Anthony W. Ishii |

**A.    The Defendant Made Immunized Statements**

According to the indictment, on October 10, 2005 Rolando Celedon was subjected to unreasonable force while being arrested by co-defendant police officers whose supervisor was defendant herein, Sergeant Michael Manfredi. Sergeant Manfredi is charged in Counts 5 and 6 of the indictment with misprision of a felony and obstruction of justice, respectively.

The actions of the defendants generated a single Fresno Police Department Internal Affairs complaint designated personnel complaint #2005-0156. Sergeant Manfredi was initially interviewed concerning this complaint on October 19, 2005 by I.A. Sergeant Mark Salazar at the Internal Affairs Office. As set forth in the transcript of that recorded proceeding, at pages 1-2

///

///

(GA 138-139), Sergeant Manfredi was advised of his right to remain silent, asserted that right, and then was instructed that he was required to answer questions but that his answers could not be used against him in a criminal proceeding.

Sergeant Manfredi thereupon responded to all I.A. questions posed at that interview and at a subsequent interview on November 4, 2005, where he was again told he had to answer all questions posed. He responded to the proposed decision to terminate his employment, and appealed his termination stemming from I.A. complaint #2005-0156. The arbitration of his termination was held commencing July 23, 2007, at which Sergeant Manfredi testified.

Co-defendant Christopher Coleman also appealed his termination arising out of the same I.A. personnel complaint #2005-0156. Sgt. Manfredi was subpoenaed to testify and was questioned by both sides attorneys.

These facts are set forth in the declaration filed under seal with attachments. All of these interviews and arbitrations arose from I.A. personnel complaint #2005-0156, for which Sgt. Manfredi had been granted immunity for answering questions pertinent to that investigation. Pursuant to established California law, testimony at a subsequent dismissal hearing arising from that I.A. complaint is covered by the Fifth Amendment immunity extended to Sgt. Manfredi when questioning about that complaint was initiated (Hankla v. Governing Bd. (1975) 46 CA.3d 644 at 652-653; Szmaciarz v. State Personnel Bd. (1978) 79 CA.3d 904 at 917-918, cited with approval in Spielbauer v. County of Santa Clara (2009) 45 C.4th 704 at 722-723).

Further, as to Officer Coleman's dismissal hearing, Sgt. Manfredi was subpoenaed as a witness and was subject to employment discipline up to the penalty of dismissal had he refused to answer questions about his or other officers conduct that was the subject of I.A. personnel complaint #2005-0156, for which he had received immunity (see Christal v. Police Commission of City and County of San Francisco (1939) 33 CA.2d 564 at 568 stating that it is a police officer's duty, subject to being disciplined for its violation, to disclose facts incriminating any person to his superior and to testify freely, and Lefkowitz v. Turley (1973) 414 U.S. 70 at 85,

///

///

stating that Supreme Court cases hold that a witness' answers elicited upon the threat of the loss of state employment are compelled and inadmissible against the witness in a subsequent criminal proceeding).

There are thus three types of immunized statements barred from use in this criminal case by Garrity v. New Jersey (1967) 385 U.S. 493, and its progeny.  They are (1) Sgt. Manfredi's statements during the I.A. investigation, (2) Sgt. Manfredi's testimony at his arbitration appeal of his termination stemming from that I.A. investigation, and (3) Sgt. Manfredi's subpoenaed testimony at officer Coleman's arbitration appeal of his termination stemming from that same I.A. investigation.  For reasons set forth herein, Sgt. Manfredi submits that all of these statements are immunized from being used in a criminal proceeding against him.

**B.     Prohibited Uses Of Immunized Statements**

Governments may penalize public employees with loss of their jobs to induce them to respond to inquiries, without violating the Fifth Amendment, so long as the answers elicited and their fruits are immunized from use in any criminal case against the speaker (Chavez v. Martinez (2003) 538 U.S. 760 at 768).

Compelled statements under threat of discipline of public employees are immunized from being used against the employee in a criminal proceeding (Garrity v. New Jersey (1967) 385 U.S. 493, 500; Lefkowitz v. Turley (1973) 414 U.S. 70, 77-79, 85;  United States v. Kastigar (1972) 406 U.S. 441; United States v. Hubbell (2000) 530 U.S. 27, 36-37; Chavez v. Martinez, supra).

In California, the seminal Fifth Amendment cases immunizing peace officers compelled statements, obtained by their government employer under threat of discipline, from being used against them in a criminal proceeding, are Lybarger v. City of Los Angeles (1985) 40 C.3d 822 at 828-831, and Spielbauer v. County of Santa Clara (2009) 45 C.4th 704, 715.  This use immunity applies to direct use of statements against the defendant as well as to derivative use of such statements (Kastigar v. United States (1972) 406 U.S. 441 at 462-463; United v. Hubbell (2000) 530 U.S. 27, 41-43).

///

///

1    The phrase "criminal proceeding" clearly applies to grand jury proceedings (In re Grand Jury Proceedings (9th Cir., 1995) 45 F.3d 343 at 347-348; prohibiting I.A. statements in grand jury proceedings).  Indicting a defendant based upon derivative evidence learned of by examining immunized evidence violates the Fifth Amendment (United States v. Hubbell (2000) 530 U.S. 27 at 41 et seq).  Immunized evidence cannot be used to assist the government in obtaining an indictment, or to build its case against the defendant (United States v. Crowson (9th Cir., 1987) 828 F.2d 1427, 1430-1431; United States v. Hubbell (2000) 530 U.S. 27, 45).  Nor can it be presented to the grand jury as evidence (ibid., United States v. Zielezinski (9th Cir., 1984) 740 F.2d 727, 734; In re Grand Jury Proceedings, supra).

Where the prosecutor calls before the grand jury a witness who is aware of immunized evidence, and presents it to the grand jury through that witness, he violates use immunity.  If evidence protected by immunity is used to obtain an indictment, the indictment must be dismissed, unless the prosecution can prove that all evidence presented in support of the indictment came from independent sources (United States v. Zielezinski (9th Cir., 1984) 740 F.2d 727, 734; United States v. Crowson (9th Cir., 1987) 828 F.2d 1427 at 1429 and footnote 2, a motion to dismiss the indictment was denied where the government established an independent source of evidence for each substantive statement protected by immunity elicited during the grand jury proceeding; United States v. Hubbell (2000) 530 U.S. 27, 45; State v. Jackson (2010) 125 Ohio St. 3d 218 at 225, et seq ordering dismissal of indictment for a violation at the indictment stage).

Even the use of immunized statements to refresh the recollection of a witness ( or to sharpen his memory or focus his thought) when the witness testifies before a grand jury considering indictment of the person who made the statement, is a prohibited use of immunized evidence (Gwillim v. City of San Jose (9th Cir., 1991) 929 F.2d 465 at 467-468).

Immunized statements of the defendant cannot be used against him in any criminal proceeding, including trial (Kastigar v. United States (1972) 406 U.S. 441, at 460-462; United States v. Hubbell (2000) 530 U.S. 27 at 45).

///

1   **C.   The Defense Has Met Its Burden To Show That Immunized Statements Were Made**

2   The defense need only show that the defendant made immunized statements related to the federal prosecution in order to shift to the government the heavy burden of proving that all of the evidence it used to obtain the indictment, and proposes to use at trial, was derived from legitimate independent sources (Kastigar v. United States supra at 406 U.S. 460; United States v. Hubbell, supra at 530 U.S. 45).  The declaration of W. Scott Quinlan with attached transcripts of interviews, I.A. reports, and arbitration hearing transcripts establishes that this case is related to Fresno Police Department personnel complaint #2005-0156.  That case covered the actions of all of the defendants that are now charged as crimes in this case.  Sgt. Manfredi was required to answer questions posed by I.A. investigators, and was told that his answers could not be used against him in a criminal case (GA 138-139).  The same I.A. investigation pertains to all of the defendants (GA 83-136).

**D.   The Scope Of Future Hearings Relevant To This Discovery Request**

In this Circuit Mr. Manfredi is entitled to a Kastigar type hearing upon making a showing that Garrity immunized statements were made.  When Mr. Manfredi makes this Garrity motion, the government will have to respond, and Mr. Manfredi will have the right to cross-examine all government witnesses who provide affidavits.

But providing witness affidavits does not end the government's obligations.  In United States v. Crowson (9th Cir., 1987) 828 F.2d 1427 at 1429, the defense was provided grand jury testimony along with affidavits from two assistant U.S. Attorneys and the IRS Special Agent (identified at 1428).  One affidavit identified all substantive statements of the defendant and at least one independent source for each such statement (1429) .

In addition, "**[a]ll documents establishing prior independent sources, along with a list of evidence obtained in chronological order were made available to defense counsel**"(id).

Thus, the government was not allowed to submit affidavits with no opportunity for the defense to test its representations as to who received what when against physical evidence in the possession of the government.

///

1    United States v. Zielezinski (9th Cir., 1984) 740 F.2d 727, 734 establishes the rule in this
2    Circuit that a hearing is required at which the prosecution must establish the independent sources
3    upon which the defendant's indictment rests (accord In re Grand Jury Proceedings (9th Cir., 1995)
4    45 F.3d 343 at 348).   Even the pre-Kastigar case of Lawn v. United States (1958) 355 U.S. 339,
5    at 355, held that a defendant had a due process right to cross-examine government witnesses at
6    trial to determine whether leads and clues furnished by materials obtained in violation of the 5th
7    Amendment were used by the prosecution at trial.
8    In Lawn v. United States, supra a motion to dismiss the indictment was also made.  At
9    page 347 footnote 9, affidavits were submitted by every single revenue agent involved in the
10   investigation and by every United States Attorney who had been responsible for the prosecution
11   of the case.   The Supreme Court held that the defendants had laid no foundation for an
12   evidentiary hearing as they had no facts that the second grand jury had been tainted by receipt of
13   immunized materials received by an earlier grand jury (page 348-349).
14   Kastigar and its progeny have since placed that burden squarely upon the prosecution to
15   disprove such use (Kastigar v. United States (1972) 406 U.S. 441, 461 addressing use at trial;
16   United States v. Hubbell (2000) 530 U.S. 27, 39, 45, addressing use to initiate prosecution).
17   Those issues are now embraced in the Kastigar/Garrity hearing.

**E.    The Indictment Should Be Dismissed Or Evidence Should Be Suppressed**

19   Sergeant Manfredi submits that the hearing on this motion will disclose that the criminal
20   case against him was built with and grand jury witness questioning was formulated using I.A.
21   statements he made, and derivative reports addressing those statements.  He submits that his
22   statements made during his own arbitration proceeding, and others arbitrations, arising from the
23   same Internal Affairs investigation, are also covered by the same immunity.  He submits that
24   witnesses called before the grand jury refreshed their recollections as to what Sgt. Manfredi said
25   by use of his I.A. statements, and the reports containing those statements.
26   Because Sergeant Manfredi is not charged with having engaged in excessive force, a
27   material part of his criminal case is based upon the government's interpretation of his state-of-
28   mind, which is in turn based upon his immunized statements, or the use thereof to determine

1  which prosecution witnesses to interview and what questions to ask them. Under Hubbell, the
2  government cannot make derivative use of any of this evidence in its investigation or prosecution
3  of this case.
4        Accordingly, Sergeant Manfredi moves to dismiss Counts 5 and 6 of the indictment
5  charging him with crimes as tainted by immunized evidence, derivatively and directly.  In the
6  alternative, he moves to suppress evidence to be used at trial, in whatever form it may exist, as
7  tainted by his immunized statements.

9  Dated:  January 10, 2012                                    Respectfully submitted,

12                                                                     /s/ W. Scott Quinlan
                                                                 W. Scott Quinlan, Attorney for
13                                                               Defendant, MICHAEL MANFREDI

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF FRESNO**

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to this action. My business address is 2333 Merced Street, Fresno, California 93721.

On January 10, 2012, I caused the following document to be served: **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS INDICTMENT AND TO SUPPRESS EVIDENCE FOR IMMUNITY VIOLATIONS** on the parties listed below:

Shelly Ward
U.S. Department of Justice
Patrick Henry Building
601 D St., NW, Rm. 5120
Washington, D.C. 90004
(By Federal Express)

(  ) **BY MAIL**   By depositing the sealed envelope with the U.S. Postal Service with the postage fully prepaid.

(  ) **BY MAIL**   By placing the envelope for collection and mailing on the date and at the place shown above following our ordinary business practices. I am readily familiar with the business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in a sealed envelope with postage fully prepaid.

(XX) **BY OVERNIGHT MAIL**   By causing the document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Fresno, California on this 10th of January, 2012.

_____
Kristen N. Bretz